UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 25-50321-JRS |
| | ) | |
| TIA RENEA BENNETT, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | JUDGE SACCA |
| | ) | |

**TRUSTEE'S APPLICATION FOR APPOINTMENT OF ATTORNEYS**

COMES NOW, Neil C. Gordon, as Chapter 7 Trustee ("**Trustee**" or "**Applicant**") in the bankruptcy case (the "**Case**") of Tia Renea Bennett ("**Debtor**"), and respectfully represents as follows:

1.

Applicant is the duly qualified and acting Trustee herein. To administer the Case in a proper, efficient, and economical manner, Applicant requires the services of legal counsel, and he wishes the law firm of which he is a partner, Taylor English Duma LLP ("**TED**"), to be appointed to act as his attorneys in the Case.

2.

Applicant and other partners and associates of TED are admitted to practice in this Court, have knowledge and experience in bankruptcy practice and are well qualified to represent the Trustee in this matter. Attached as Exhibit "A" is the Bankruptcy Rule 2014 Verification of TED.

3.

The current hourly billing rates of the attorneys and paralegals who may render services in the Case are as follows:

| | | |
|---|---|---|
| 1. | Neil C. Gordon | $655.00 |
| 2. | John K. Rezac | $535.00 |
| 3. | Jason L. Pettie | $520.00 |
| 4. | Angela G. Ford | $280.00 |
| 5. | Pamela E. Bicknell | $280.00 |

Depending on the need for particular experience or the exigencies of the Case, other attorneys may also provide services. The above rates may be increased during the term of the proposed employment or if so awarded by the Court.

4.

Professional services for which counsel for the Trustee are necessary in this Case relate to recovery of assets to be administered for the benefit of the bankruptcy estate of the Debtor (the "**Estate**"), which includes Debtor's personal injury claim, resulting from an automobile accidence which occurred on February 6, 2024, in which Debtor was injured.

Accordingly, counsel will be needed to prepare, file, and advocate any objections to exemption. It is also necessary for the Trustee to employ counsel because counsel will be needed to make extensive revisions to settlement documents to address provisions that (a) require indemnification by the Trustee and (b) contain overbroad releases, among other drafting issues. The amount of time usually required for this task is not great, but it is legal

work of a sophisticated nature. Counsel is also needed to prepare the motion and order to approve the settlement(s) under Rule 9019 of the Federal Rules of Bankruptcy Procedure, applications and order for employment and later compensation of special counsel, to attend any necessary hearing, and for any required legal research or other necessary legal services.

5.

The professional services, which may be rendered for which it is necessary that an attorney act may also include:

(a) Preparation of pleadings and motions and conducting of examinations incidental to the administration of the Estate;

(b) Services incidental to preservation and disposition of assets;

(c) Investigation, analysis, and appropriate action, if required, relative to any preference, fraudulent transfer, unperfected security interest, improper disposal of assets, prosecution of the Estate's claims, or pending litigation;

(d) Any and all other necessary action incident to the proper preservation and administration of the Estate.

6.

To the best of Applicant's knowledge, TED's acting as attorneys in the Case will be in the best interest of the Estate, because Applicant will be familiar with the Case and the trouble, expense, and delay inherent in acquainting and counseling other attorneys regarding operative facts may thus be avoided.

7.

To the best of Applicant's knowledge, TED's acting as attorneys in the Case will be in the best interest of the Estate, Debtor, creditors, and other parties in interest. Except as otherwise disclosed herein and in the Bankruptcy Rule 2014 Verification of Neil C. Gordon, TED does not hold or represent an interest adverse to the Estate, does not represent any creditor or other known interested party, and is a disinterested person under 11 U.S.C. § 327(a).

8.

In order to expedite the marshaling of the Estate's assets, TED has heretofore performed certain professional services for the Estate or plans to perform such services, which may be rendered prior to the signing of any order upon this Application.

9.

Applicant proposes that TED be compensated for its services in accordance with future orders of the Court based upon the criteria for professional compensation required by bankruptcy law.

WHEREFORE, Applicant prays that TED be authorized to act as Applicant's attorney in the Case and that such authorization continues if TED should assist any successor Trustee.

RESPECTFULLY SUBMITTED,

By: */s/ Neil C. Gordon*
Neil C. Gordon
State Bar No. 302387
Attorneys for Chapter 7 Trustee

Taylor English Duma LLP
1600 Parkwood Circle SE
Suite 200
Atlanta, Georgia 30339
Ph: (404) 640-5917
Email: *ngordon@taylorenglish.com*

**EXHIBIT "A"**

**RULE 2014 VERIFICATION WITH REGARD TO EMPLOYMENT OF ATTORNEYS**

The undersigned hereby declares under penalty of perjury:

1. I am a partner with the law firm of Taylor English Duma LLP, with offices at 1600 Parkwood Circle SE, Suite 200, Atlanta, Georgia 30339 (the "**Firm**").

2. The Firm has been asked to represent Neil C. Gordon, as Chapter 7 Trustee ("**Trustee**") in the bankruptcy case of Tia Renea Bennett ("**Debtor**"). To the best of my knowledge, the Firm has no professional, business, or other connection with the aforementioned Debtor, creditors, or any party in interest in this case, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, other than possible professional or social relationships or any such counsel or accountant who may also have served as a bankruptcy trustee for a different bankruptcy estate, or respective counsel or accountant to such estate. The Firm represents no interest which would be adverse to the estate of Debtor in connection with the matters upon which the Firm is to be engaged. Disclosure is made that the Firm has previously represented and does represent Trustee (in his capacity as a bankruptcy trustee) as a special or general counsel in unrelated matters.

3. The Firm will not expect or receive any compensation from the estate except upon application to and approval by the Bankruptcy Court after notice and hearing.

Dated this 17th day of March, 2025.

By: *<u>/s/ Neil C. Gordon</u>*
Neil C. Gordon
State Bar No. 302387

SWORN TO AND SUBSCRIBED before
me this 17th day of March, 2025.

*<u>/s/ Pamela E. Bicknell</u>*
Pamela E. Bicknell
Notary Public
My commission expires: January 18, 2026

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the foregoing *Trustee's Application for Appointment of Attorneys* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery to:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Craig Zander Black
5555 Glenridge Connector NE
Atlanta, GA 30342

Tia Renea Bennett
6554 Chupp Road, Unit 33102
Lithonia, GA 30058

This 20th day of March, 2025.

*/s/ Neil C. Gordon*
Neil C. Gordon